IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLE LORETH, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:20-cv-04210 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| XTREME CRANE & RIGGING, LLC, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nicole Loreth ("Plaintiff" or "Loreth") now files this Complaint against Defendant Xtreme Crane & Rigging, LLC ("Defendant" or "Xtreme"). In support, Plaintiff states as follows:

### PARTIES

1.      Plaintiff Nicole Loreth is a citizen of the United States and a resident of Spring, Texas.

2.      Defendant Xtreme Crane & Rigging, LLC is a corporation authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, Michael Mills, 10518 Ingram, Brownsboro, Texas 75756 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4.      The Court has subject matter jurisdiction over Plaintiff's claims under Texas state law pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant because it has continuously and systematically performed a substantial amount of business within the state of Texas and,

moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas.   Accordingly, this Court has both general and specific jurisdiction over the Defendant.

6.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendant occurred in this district.

<u>FACTS</u>

7.      Plaintiff began working at Xtreme on July 30, 2019.

8.      Plaintiff's position with Xtreme was Director of Sales and Marketing.

9.      Plaintiff is female.

10.      Plaintiff's supervisor at Xtreme was Michael Mills ("Mills").

11.      Mills is male.

12.      During Plaintiff's employment at Xtreme, she and Mills communicated by text message on a regular basis.   Mills often flirted with Plaintiff over text messages and sent her pictures of himself, his house, and his property.

13.      During Plaintiff's employment at Xtreme, Plaintiff and Mills often traveled to customer sites in Midland, Texas, where Xtreme had an apartment or condominium for extended business trips.

14.      On multiple occasions while traveling out of town in Midland/Odessa, Mills made sexual advances on Plaintiff and touched her inappropriately on her legs, arms, and shoulder.   Mills even offered Plaintiff $20,000 in exchange to have sex with him.   Plaintiff rejected Mills but continued to be courteous and pretend like nothing was wrong out of fear of losing her job if she complained of Mills's unwelcomed harassment.

15.     Mills also took Plaintiff to a strip club called Rick's in the Midland/Odessa area on more than one occasion during business trips.   While at Rick's, Mills would continue to make sexual advances towards Plaintiff and touch her inappropriately on her legs, arm, and breasts. Mills would also pay exotic dancers to dance on Plaintiff.   Again, this conduct from Mills was unwelcomed.

16.     On or around September 3, 2019, Plaintiff contacted Michael Quattlebaum, another member of Xtreme, to report Mills's sexual harassment.   Plaintiff told Michael Quattlebaum that Mills clearly wanted something more than what she was willing to give him.   Michael Qauttlebaum told Plaintiff he would talk to Mills and that he would "back off."   However, Mills did not back off.

17.     On or around October 22, 2019 during a trip to Midland/Odessa, Plaintiff went to Xtreme's apartment/condo to meet Mills in order to attend a business-related event together.   But upon Plaintiff's arrival, Mills locked Plaintiff in the apartment and attempted to rape her.   Mills grabbed Plaintiff, forcefully tried to remove her clothes and have sex with her.   Mills also forcibly kissed Plaintiff and exposed his genitals during this skirmish.   Mills was visibly intoxicated, and, luckily, no penetration occurred.

18.     Plaintiff initially tried to cope with Mills attacking her by continuing work and her professional relationship with Mills, however, she eventually reported the sexual assault to the Odessa Police Department on or around November 29, 2019.

19.     On December 17, 2019, Loreth informed Michael Quattlebaum and Anna Shroeder in Human Resources that Mills attacked her in October 2019, and the company allegedly investigated Loreth's complaint.   However, the investigation into the complaint consisted of Xtreme hiring an attorney to dig into Loreth's past and contact individuals outside of Xtreme.

3

Xtreme also denied Loreth's requests for time off and stopped her from traveling for work after she reported Mills for sexual harassment.

20.     Unable to handle the pressure of working at Xtreme while having to continue working for her attacker and while the company did nothing to resolve her charge, Loreth resigned from Xtreme on January 17, 2020.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     On or about December 16, 2019, Plaintiff signed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division and filed it shortly thereafter.

22.     The EEOC issued Plaintiff a right to sue letter on or about September 16, 2020.

23.     This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

24.     The Texas Workforce Commission has never issued Plaintiff a right to sue letter, but his charge has been on file for more than 180 days as of the date of this lawsuit's filing.

25.     Based on the foregoing, Plaintiff has exhausted all administrative remedies required by Title VII of the Civil Rights Act of 1964 ("Title VII"), and/or the Texas Commission on Human Rights Act ("TCHRA").

## FIRST CAUSE OF ACTION (SEX DISCRIMINATION)

26.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

27.     Plaintiff is a member of a protected class under Title VII and the Texas Commission on Human Rights Act because she is female.

28.     Mills's conduct was unwelcomed by Plaintiff.

29.     Mills's conduct was so severe and/or pervasive that it altered conditions of

Plaintiff's employment.

30.     Mills's conduct was subjectively offensive to Plaintiff.

31.     The acts of a male supervisor soliciting sexual favors from an employee, forcibly kissing an employee, and exposing his genitals to an employee would be offensive to a reasonable person.

32.     Xtreme, by and through Mills, created a hostile work environment for Plaintiff.

33.     Such conduct violates Title VII and the TCHRA.

34.     Plaintiff has been damaged by the discrimination and harassment against her.

35.     Defendant acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights.  An award of exemplary damages is therefore warranted.

## SECOND CAUSE OF ACTION (RETALIATION)

36.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

37.     Plaintiff engaged in a protected activity by opposing unlawful employment practices when she complained to Michael Quattlebaum about Michael Mills's sexual harassment on September 3, 2019 and again on December 17, 2019.

38.     Plaintiff suffered a materially adverse action when she the company stopped her from traveling for work and denied her requests for time off.

39.     Defendant took materially adverse actions against Plaintiff because of her protected activities.

40.     Such conduct violates Title VII and TCHRA.

41.     Defendant's retaliation against Plaintiff after she reported racial discrimination also violates Plaintiff's rights pursuant to 42 U.S.C. § 1981.

42.     Defendant's violations of Title VII, TCHRA, and 42 U.S.C. § 1981 have caused Plaintiff damage.

43.     Defendant acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights.  An award of exemplary damages is therefore warranted.

### ATTORNEYS' FEES

44.     If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorneys' fees.

### JURY DEMAND

45.     Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Exemplary damages;
g) Attorney's fees; and
h) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092, TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone:     (713) 400-6173
Facsimile:      (713) 583-8380
Email:            connor@throckmortonlaw.com
***ATTORNEY FOR PLAINTIFF***

6